CV 17 - 4438

Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

FILED
CLERK

2017 JUL 27  PM 3: 04

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HENRY VASQUEZ, ELBIN PADILLA, ISMAR REYES,
individually and on behalf of all others similarly situated,

                                                    Plaintiff,

            -against-

COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE
BAR and LOUIS WOLCOWITZ, an individual,

                                                    Defendants.
-------------------------------------------------------------------X

FEUERSTEIN, J.

LOCKE, M.J.

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
REQUESTED**

1.  Plaintiffs, **HENRY VASQUEZ, ELBIN PADILLA, and ISMAR REYES,**
    individually and on behalf of all others similarly situated, (hereinafter referred to as
    "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon
    personal knowledge as to himself and upon information and belief as to other matters,
    as follows:

                        **PRELIMINARY STATEMENT**

2.  Plaintiffs, **HENRY VASQUEZ, ELBIN PADILLA, and ISMAR REYES,**
    individually and on behalf of all others similarly situated, through undersigned counsel,
    brings this action against **COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE
    COFFEE BAR and LOUIS WOLCOWITZ, an individual,** (hereinafter referred to
    as "Defendants"), to recover damages for egregious violations of state and federal
    wage and hour laws arising out of Plaintiff's employment at COFFEE BAR OF FIVE
    TOWNS, INC. D/B/A THE COFFEE BAR located at 345 Central Avenue, Lawrence,
    New York, 11559.

3. Plaintiff **HENRY VASQUEZ** was employed by Defendants from in or around June 2016 until in or around June 2017.

4. Plaintiff **ELBIN PADILLA** has been employed by Defendants from in or around December 2010 to the present.

5. Plaintiff **ISMAR REYES** was employed by Defendants from in or around November 2016 until in or around April 2017.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff HENRY VASQUEZ resides at 1014 Neilson Street, Far Rockaway, New York 11691, and was employed by Defendants at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR from in or around June 2016 until in or around June 2017.

12. Plaintiff ELBIN PADILLA resides at 1014 Neilson Street, Far Rockaway, New York 11691, and has been employed by Defendants at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR from in or around December 2010 to the present.

13. Plaintiff ISMAR REYES resides at 1031 Beach 19th Street, Far Rockaway, New York 11691, and was employed by Defendants at COFFEE BAR OF FIVE TOWNS, INC.

D/B/A THE COFFEE BAR from in or around November 2016 until in or around April 2017.

14. Upon information and belief, Defendant, COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR, is a corporation organized under the laws of New York with a principal executive office at 345 Central Avenue, Lawrence, New York, 11559.

15. Upon information and belief, Defendant, COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR, is a corporation authorized to do business under the laws of New York.

16. Upon information and belief, Defendant LOUIS WOLCOWITZ owns and/or operates COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR.

17. Upon information and belief, Defendant LOUIS WOLCOWITZ is the Chairman of the Board of COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR.

18. Upon information and belief, Defendant LOUIS WOLCOWITZ is the Chief Executive Officer of COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR.

19. Upon information and belief, Defendant LOUIS WOLCOWITZ is an agent of COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR.

20. Upon information and belief, Defendant LOUIS WOLCOWITZ has power over personnel decisions at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR.

21. Upon information and belief, Defendant LOUIS WOLCOWITZ has power over payroll decisions at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR.

22. Defendant LOUIS WOLCOWITZ has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR.

23. During all relevant times herein, Defendant LOUIS WOLCOWITZ was Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR is, at present and has been at all times relevant to the allegation in the

complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

25. Plaintiff HENRY VASQUEZ was employed by Defendants from in or around June 2016 until in or around June 2017.

26. During Plaintiff HENRY VASQUEZ' employment by Defendants at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR, Plaintiff was a dishwasher, kitchen worker, and food preparer, and performing other miscellaneous duties from in or around June 2016 until in or around June 2017.

27. Plaintiff HENRY VASQUEZ was paid by Defendants approximately $500.00 per week from in or around June 2016 until in or around February 2017 and approximately $600.00 per week from in or around March 2017 until in or around June 2017.

28. Although Plaintiff HENRY VASQUEZ worked approximately seventy (70) hours or more per week during the period of his employment by Defendants from in or around June 2016 until in or around June 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Plaintiff ELBIN PADILLA has been employed by Defendants from in or around December 2010 to the present.

30. During Plaintiff ELBIN PADILLA'S employment by Defendants at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR, Plaintiff was a cook, kitchen worker, and performing other miscellaneous duties from in or around December 2010 to the present.

31. Plaintiff ELBIN PADILLA was paid by Defendants approximately $500.00 per week from in or around 2010 until in or around 2016 and approximately $630.00 per week from in or around January 2017 to the present.

32. Although Plaintiff ELBIN PADILLA worked approximately seventy (70) hours or more per week during the period of his employment by Defendants from in or around 2010 to the present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Plaintiff ISMAR REYES was employed by Defendants from in or around November 2016 until in or around April 2017.

34. During Plaintiff ISMAR REYES'S employment by Defendants at COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR, Plaintiff was a food preparer, dishwasher, and kitchen worker, and performing other miscellaneous duties from in or around 1994 until in or around January 2012.

35. Plaintiff ISMAR REYES was paid by Defendants approximately $500.00 per week from in or around November 2016 until in or around April 2017.

36. Although Plaintiff ISMAR REYES worked approximately seventy (70) hours or more per week during the period of his employment by Defendants from in or around November 2016 until in or around April 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

38. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

39. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

41. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, dishwashers, kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages and overtime wages.

42. Upon information and belief, Defendants employed between 10 to 20 employees within the past three years subjected to similar payment structures.

43. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

44. Defendants' unlawful conduct has been widespread, repeated, and consistent.

45. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

46. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

47. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

48. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

49. The claims of Plaintiffs are typical of the claims of the putative class.

50. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

52. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

53. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

54. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

55. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

56. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

57. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

58. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

61. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

62. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

65. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

8

67. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

68. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 14th day of July 2017.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HENRY VASQUEZ, ELBIN PADILLA, ISMAR REYES, individually and on behalf of all others
similarly situated,

                                Plaintiff,

        -against-

COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR and LOUIS WOLCOWITZ,
an individual,

                                Defendants.

COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

COFFEE BAR OF FIVE TOWNS, INC. D/B/A THE COFFEE BAR
345 CENTRAL AVENUE
LAWRENCE, NEW YORK 11559

LOUIS WOLCOWITZ
345 CENTRAL AVENUE
LAWRENCE, NEW YORK 11559